Plaintiff's motion for leave to amend complaint is GRANTED; the Clerk is directed to file the amended complaint on the docket as of the date of this Order.

ENTER: December 31, 2013

*JOSEPH R. GOODWIN*
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| ANNETTE WALLEY, | : | Civil Action File |
| | : | |
| *Plaintiff*, | : | No. 2:12-cv-07259 |
| v. | : | |
| | : | In Re: Boston Scientific Corp. |
| BOSTON SCIENTIFIC CORPORATION and | : | Pelvic Repair System |
| John Doe Corporations 1-50, | : | Products Liability Litigation |
| | : | |
| | : | MDL No. 2326 |
| *Defendants*. | : | |
| | : | |

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff, by and through her undersigned counsel, respectfully moves before this Court for leave to amend her Complaint to add Advantage Fit System, a product of Defendant Boston Scientific Corporation (hereinafter "Boston Scientific"), to her claim. A copy of the Proposed First Amended Short Form Complaint is attached herewith (Ex. A).

This is a products liability action involving injuries suffered by Annette Walley following her implantation of a Boston Scientific pelvic mesh device on May 26, 2009 at Mercy San Juan Medical Center, located in Carmichael, California. The original complaint in this matter was filed on November 1, 2012. Prior to filing Plaintiff's complaint, counsel obtained records from Plaintiff's 2009 mesh implantation which identified the product implanted as Obtryx (Ex. B).

On the basis of this identification, Plaintiff filed a claim against Boston Scientific, and John Does 1-50. Counsel then submitted Plaintiff's Profile Form on December 28, 2012. In September 2013, during the normal course of discovery, Plaintiffs obtained supplemental medical records from Sutter Auburn Faith Hospital, located in Auburn, California. These supplemental records revealed the implant of an additional Boston Scientific pelvic mesh device

during a subsequent, revisionary surgery on March 18, 2013. The Operative Report for this 2013 surgery identifies the implanted product as a "Boston Scientific Advantage retropubic sling" (Ex. C). A sticker identifying the product implanted as Advantage Fit System ("Advantage Fit") was also included in the Sutter Auburn Faith Hospital records (Ex. D). Plaintiff underwent this subsequent surgery in order to remedy the recurrence of her pelvic organ prolapse and stress urinary incontinence, conditions that she initially sought to resolve during her 2009 surgery.

Advantage Fit, like Obtryx, is designed, manufactured, packaged, labeled, marketed, sold, and distributed by Boston Scientific. Plaintiff now moves to amend her complaint to include Advantage Fit to the original complaint in light of these newly-acquired records identifying the implantation of this additional product.

Under the Federal Rules of Civil Procedure, "a party may amend its pleading once as a matter of course within (a) 21 days after serving the pleading, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).

Furthermore, under Rule 15, "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The federal policy of liberality in permitting amendments to pleadings, as embodied in [Federal Rule 15], is self-evident." Davenport v. Ralph N. Peters & Co., 386 F.2d 199, 204 (4th Cir. 1967).

> [T]he general rule is that leave to amend a complaint under Federal Rule of Civil Procedure 15(a) should be freely given, see Foman v. Davis, 371 U.S. 178, 182 (1962), unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the

> part of the moving party, or the amendment would have been futile," Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation marks omitted)."

Steinburg v. Chesterfield County Planning Com'n, 527 F.3d 377, 390 (4th Cir. 2008). "It is this Circuit's policy to liberally allow amendment in keeping with the spirit of [Fed. R. Civ. P.] 15(a)." Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010) (citing Coral v. Gonse, 330 F.2d 997, 998 (4th Cir. 1964)). "Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." Harless v. CSX Hotels, Inc., 389 F.3d 444, 447 (4th Cir. 2004) (citing Ward Elec. Serv., Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987)). Here, there is no improper motive, such as undue delay or bad faith. The presumption of allowing amendments is especially strong where the plaintiff "had not yet amended as of right and the defendant had not filed a responsive pleading." Galustian, 591 F.3d at 730 (holding that denial of motion to amend complaint constituted an abuse of discretion).

This is Plaintiff's first amendment and no responsive pleadings have been filed. The proposed First Amended Short Form Complaint does not prejudice the Defendant as pleadings have not closed, and limited discovery has been taken. Boston Scientific will have ample opportunity to engage in discovery in this case.

This matter is part of a consolidated litigation where the nature of the injuries routinely leads to the identification of additional mesh products that the plaintiff suffered from. Hence, Defendant is on notice of these claims. Additionally, Defendant is not prejudiced with this amendment as it still has the opportunity to file its responsive pleading.

In light of the settled Supreme Court and Fourth Circuit precedent, liberally applying the dictate of Fed. R. Civ. P. 15(a)(2) that "[t]he court should freely give leave when justice so

requires," Plaintiff respectfully requests that this Honorable Court enter an order granting Plaintiff leave to file an amended short form complaint, and accepting and filing the proposed First Amended Short Form Complaint accompanying this Motion.

Dated: December 9, 2013

                                               RESPECTFULLY SUBMITTED

                                               s/Pauline Toboulidis
                                               Pauline Toboulidis
                                               LOPEZ McHUGH, LLP
                                               712 East Main Street, Suite 2A
                                               Moorestown, NJ 08057
                                               Tel: (856) 273-8500
                                               ptoboulidis@lopezmchugh.com
                                               *Attorney for Plaintiff*